(91 South. 447)

**SMITHSON v. HANDLEY.** (7 Div. 94.)

(Supreme Court of Alabama. June 16, 1921.)

1. **Boundaries** ⬅41—**Evidence held sufficient to support instructions.**

Evidence of agreement fixing a boundary line *held* sufficient to support instructions, submitting the question of an agreement establishing a disputed boundary.

2. **Frauds, statute of** ⬅70—**Agreement as to uncertain line at time of conveyance held not contrary to statute.**

Where a conveyance of land adjoining other land of the grantor described the line by reference to a government subline not fixed by monuments, and so of uncertain location, and there was no dispute as to the proper location of the line, an oral agreement at that time as to its location on the ground did not violate the statute of frauds, and could be proved by parol evidence, as what was said and done amounted to a practical contemporaneous exposition of the intention and meaning of the conveyance as to the boundary line.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Trial ⬤⟿296(2)—Instructions as to fixing boundary held correct when read with another.**

Instructions that if landowners agreed upon and established the line between them they thereupon became owners of the land on their respective sides, and that if there was an agreement that a line run by the county surveyor was the true line, then plaintiff could not recover, were not erroneous, when read, as intended, with another instruction that if the line by agreement was established by the county surveyor and the parties remained in possession up to the line for 20 years or more, then the line so established was the line, whether correctly established in the beginning or not.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Ejectment by Mrs. H. C. Smithson against J. H. Handley. Judgment for the defendant, and plaintiff appeals. Affirmed.

Goodhue & Brindley, of Gadsden, for appellant.

The court should not have assumed that there was an agreement, and erred in charging as he did relative thereto. 9 C. J. 234; 24 N. E. 596; 5 Metc. (Mass.) 478, 39 Am. Dec. 694; 10 Vt. 33, 33 Am. Dec. 172; 12 Wend. (N. Y.) 127, 27 Am. Dec. 120; 4 R. C. L. 131.

James A. Embry, of Ashville, for appellee.

No brief came to the Reporter.

SAYRE, J. On the trial of a statutory action of ejectment brought by appellant against appellee for a strip of land lying along the line between the N. W. ¼ of S. W. ¼ and S. W. ¼ of S. W. ¼ of section 7, township 14, range 3 east, on the one side, and the N. E. ¼ of the S. W. ¼ and S. E. ¼ of S. W. ¼ of the same section on the other, the court in its oral charge to the jury instructed them, in substance, (1) that, if the parties agreed upon and established the line between them, they thereupon became owners of the land on their respective sides, and that (2) if there was an agreement made by these parties that the line run by the county surveyor was the true line between them, then plaintiff cannot recover. In the same connection the court instructed the jury (3) that if they found that the line by agreement was established by the county surveyor, and the parties remained in possession up to the line on their respective sides for 20 years or more, then the line so established was the line between the parties, whether correctly established in the beginning or not. Exceptions were duly reserved.

[1] It is urged that the excerpts from the charge which we have numbered 1 and 2 were erroneous for the reason that there was no evidence tending to show that the parties ever agreed upon a line, and that the principle of law which would establish a line drawn in pursuance of a previous agreement between the parties was erroneously and prejudicially stated by the trial court, for the reason that there was at the time of such agreement no dispute as to the location of the line between the parties.

The evidence tended to show that in 1895 plaintiff sold and conveyed to defendant the two (approximate) 40's lying east of the line in dispute, retaining title to and possession of the two 40's lying west. The conveyance described the line now in dispute by reference to the lines of the government survey. The testimony for defendant tended to show that at the time the land was sold plaintiff made an agreement as to the boundary line, and showed defendant "where it was to come to," and that defendant gave the deed to the surveyor, and told him to locate it. Page 18 of the transcript. There was also some evidence to the effect that plaintiff's husband was present when the surveyor ran the line thus agreed upon. Thereafter, as the testimony for defendant went to show, defendant occupied the land on his side of the line thus established for more than 20 years before this suit was brought.

[2, 3] No error is shown. There was evidence tending to show a line established by agreement, that is, the evidence tended to show that the parties agreed upon the location of points upon a north and south line between their lands or upon a part of such line, and, as we think the jury may have fairly inferred, that the surveyor should establish in its entirety the line thus indicated. This we think, made the principles stated by the trial court applicable to tendencies of the evidence, and in no wise encroached upon the other principle to which appellant refers, viz. that where adjoining proprietors, in attempting to find the true line between them, by mistake fix an incorrect one, they may repudiate the spurious line on discovering the mistake at any time before the statute of limitations has run. Here, of course, there was no dispute or contention as to the proper location of the line prior to or at the time of the transaction in 1895, and hence no question arising out of the statute of frauds. 9 C. J. p. 233, § 176, 2. Nor did any dispute arise for more than 20 years afterwards. What was said and done by the parties in the way of locating the line at the time of the conveyance and the delivery of possession thereunder, no fraud being charged, amounted to a practical contemporaneous exposition of their intention and the meaning of the conveyance as to the boundary line —a location upon the ground of a govern-

ment subline, not, however, a line fixed by the monuments of the government survey, and so a line of uncertain location which it was competent for the parties to fix by agreement and prove by parol evidence not in conflict with the language of the deed. Price v. De Reyes, 161 Cal. 484, 119 Pac. 893; 2 Devlin on Real Estate (3d Ed.) § 851; 19 C. J. p. 274, § 246. But apart from the consideration already adverted to, our opinion is that those parts of the court's oral charge which we have designated as 1 and 2 do not express the full meaning of what the court intended to say for the jury's instruction, and that, when read in connection with the context shown by that part designated as 3, as they should be, they state a proposition of law which cannot be disputed. Brown v. Cockerell, 33 Ala. 38; Hopkins v. Duggar, 204 Ala. 626, 87 South. 103; Spragins v. Fitcheard, 206 Ala. 694, 91 South. 793.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.