314 So.2d 853

**Garner William REEDER**

v.

**STATE of Alabama ex rel. Ronald L. MYERS, District Attorney.**

**SC 1275.**

Supreme Court of Alabama.

June 12, 1975.

Rehearing Denied July 17, 1975.

Guy F. Gunter, III, Opelika, for appellant.

**262**

William J. Baxley, Atty. Gen., and Kermit M. Downs, Asst. Atty. Gen., for appellee.

ALMON, Justice.

This is an action by the State of Alabama upon relation of the District Attorney of Lee County to condemn a 1972 Model Dodge automobile owned by Garner William Reeder. The action was brought under Tit. 22, § 258(57)(a)(4), Code of Alabama 1940, Recompiled 1958, which provides, inter alia:

> "(a) The following are subject to forfeiture:
>
> .      .      .      .      .      .
>
> "(4) All conveyances, including aircraft, vehicles or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, *for the purpose of sale or receipt of property* described in paragraph (1) or (2), but:" (Emphasis supplied.)

Paragraph (1) refers to controlled substances which includes marihuana.

This proceeding is now controlled by Alabama Rules of Civil Procedure to the extent that the practice in such matters is not provided by statute. Rule 81(a)(12) ARCP.

The trial court entered judgment for the State condemning and forfeiting the automobile in question. Reeder, hereinafter called appellant, brings this appeal.

The first seven assignments of error are based on the action of the trial court in sustaining State's objections to questions of the appellant to State's witness, Lieutenant Ronnie Watkins of the Lee County Sheriff's Department. Assignment of error twelve is based upon the action of the trial court in allowing Lt. Watkins to testify that he discovered marihuana in the respondent's automobile under the authority of a search warrant dated January 22, 1974. Assignment of error nine is based upon the action of the trial court in condemning said automobile, where the State produced no evidence that said the automobile was used, or intended for use, to transport, or in any manner to facilitate the transportation for the purpose of sale or receipt of any controlled substance. The remaining assignments of error are based on the court's order dated April 23, 1974, on the grounds, inter alia, that the decree was contrary to the evidence in the cause and contrary to the law.

In view of our conclusion that the evidence was insufficient to support the judgment of forfeiture, we pretermit consideration of those assignments of error relating to the search warrant.

Lt. Ronnie Watkins, the only State's witness, testified that he obtained a search warrant authorizing the search of the appellant's residence. The information contained in the affidavit to secure the search warrant was imparted to Lt. Watkins by an unidentified informant. The affidavit contained hearsay allegations that the appellant had sold marihuana to the unidentified informant within a week prior to the date the search warrant was issued. Later in this opinion we will comment on the admissibility of this hearsay evidence of sale at the condemnation trial as contrasted with the admissibility of hearsay evidence to establish probable cause for the issuance of a search warrant.

Armed with the search warrant, Lt. Watkins conducted a search of appellant's

residence and yard surrounding the house. He testified that he found marihuana in the house; however, the record is not clear as to the amount. He further testified as follows:

"Q. And did you find marijuana inside of the automobile?

"A. I did, yes, sir.

"Q. And do you know what quantity was found in the automobile?

"A. Yes, sir, I do.

"Q. How much was that?

"A. A small plastic bag containing greenish-brown vegetable matter, under the driver's seat; a hand-rolled cigarette found on the right-hand side of the vehicle; and all of this was presented to the State Toxicology Department for examination. Marijuana was present in the weight of .001 gram.

"Q. And this was found in the automobile?

"A. It was.

"Q. And this was the automobile belonging to Garner William Reeder?

"A. It was, yes, sir."

On cross-examination, he testified:

"Q. Mr. Watkins, when you came upon this automobile, can you say if it was locked or unlocked, or what was the condition of the automobile?

"A. Yes, sir, it was unlocked.

"Q. And it was standing behind the defendant's house?

"A. It was, yes, sir.

"Q. About 25 feet?

"A. Approximately 25 feet, yes, sir.

"Q. And you found a plastic bag on the seat?

"A. No, sir, under the front seat.

"Q. How big was it?

"A. It was a plastic baggie, folded from one end to the other.

"Q. And you testified there was one-tenth of a gram?

"A. One hundredth.

"Q. That's just a minute amount, is it not?

"A. Enough vegetable matter for identification, yes, sir.

"Q. And you found what else?

"A. Found a partially smoked hand-rolled cigarette, containing vegetable matter and seeds of a marijuana plant.

"Q. And these were where?

"A. In the carpet on the floorboard.

"Q. Was Mr. Reeder present at the time the car was searched?

"A. No, sir, he was not.

"Q. Was anyone present at that time?

"A. There was not, no, sir."

At the conclusion of the State's case defense counsel moved to dismiss the action because of the insufficiency of the evidence. In overruling this motion, the court responded as follows:

"THE COURT: It's the opinion of the Court that the motion is not well taken because of the fact that the informant had seen marijuana in the house and it was found on the premise there and Deputy Watkins had seen the defendant here using the automobile at various places and so it just stands to reason through common knowledge that the marijuana got there in the house and since the defendant owned the automo-

bile and used the automobile, and marijuana was found in his house, most likely through the defendant's use of this automobile, it's the opinion of the Court that the automobile was being used for at least the receipt of marijuana.

"Now, as far as the sale goes, I don't know, but for the receipt, at any rate."

The appellant testified that he was employed by West Point Pepperell as a truck driver. He stated that because of his employment he was away from home from six o'clock each morning until six forty-five o'clock each evening and that he was not present at his home on the date the search was conducted. He further stated that he had not driven the automobile in question for ten days prior to this search and that he left the doors to this automobile unlocked. He stated that he owned a Ford pick-up truck which he used to drive to work and that he had no knowledge of the presence of marihuana in his automobile.

We are thus called upon for the first time so far as we are informed to construe the meaning of the phrase, "for the purpose of sale or receipt" within the context of the Forfeiture Section of the Controlled Substances Act.

Tit. 22, § 258(57)(a)(4)(iii), Code of Alabama, 1940, Recompiled 1958, provides "A conveyance is not subject to forfeiture for a violation of section 258(47)(c) of this title." It is interesting to note that in the 1958 Recompiled Code there is no such section as 258(47)(c). Also in the Acts of Alabama where the official statute appears there is likewise no subsection (c). Act No. 1407, Acts of Alabama, 1971, Sec. 401, p. 2395.

For a better understanding of this apparent legislative oversight, we look to the progenitor of our Controlled Substances Act.

Even upon a casual reading of the act in question it can be seen that it was patterned after the proposed Uniform Controlled Substances Act recommended by the National Conference of Commissioners on Uniform State Laws.

■ Those portions of Sec. 258(57), Code, supra, with which we are here concerned are identical to the proposed Uniform Act. As mentioned earlier there is no subsection (c) to our Sec. 258(47). We will then look to subsection (c) in the proposed Uniform Act to help us understand what the word, "receipt," means in our statute. Subsection (c) is as follows:

"(c) It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of. his professional practice, or except as otherwise authorized by this Act. Any person who violates this subsection is guilty of a misdemeanor."

It can therefore be seen that the Uniform Law drafters intended to except from the forfeiture section those activities which relate to possession only.[1]

Our former transportation of narcotics act, Tit. 22, Sec. 255(1), Code, supra, which was repealed by our present Controlled Substances Act, refers to both "receipt" and "possession"; whereas the act in question refers to "sale or receipt" and omits any reference to possession. We think it significant that the legislature failed to include possession.

---

1. The added sanction of forfeiture of vehicles and other instrumentalities is unquestionably designed as a deterrent to the trafficking of controlled substances: "The reasoning is to prevent their use in the commission of subsequent offenses involving transportation or concealment of controlled substances and to deprive the *drug trafficker* of needed mobility." (Emphasis ours.) Handbook of the National Conference of Commissioners on Uniform State Laws, p. 259 (Port City Press, 1970).

In attempting to ascertain the legislative intent of a particular statute or provision therein, it is permissible to look to the law as it existed prior to such statute's enactment. *City of Birmingham v. Hendrix,* 257 Ala. 300, 58 So.2d 626 (1952); *State v. AAA Motor Lines, Inc.,* 275 Ala. 405, 155 So.2d 509 (1963). It follows that where the express inclusion of a specific act or acts, here "sale or receipt", evidences an intent to exclude those acts not so carried over from a preexisting statute, here "possession", we should not attempt to read into the new statute such acts. *Champion v. McLean,* 266 Ala. 103, 95 So.2d 82 (1957).

We conclude that the word, "receipt," as used in this statute means receiving for the purpose of sale or in some way to facilitate the sale of drugs. It does not mean possession merely. Statutes which authorize condemnation and forfeiture of property are highly penal in nature and must be strictly construed. *Smithson v. Handley,* 206 Ala. 353, 91 So. 447 (1921); *Emerson v. State,* 241 Ala. 383, 4 So.2d 186 (1941); *Armstrong v. State ex rel. Embry,* 248 Ala. 124, 26 So.2d 874 (1946); *Satterfield v. Satterfield,* 250 Ala. 245, 34 So.2d 4 (1948).

We are of the opinion that the evidence in this case showed no more than possession and the State has failed to meet its burden of proof.

It should be noted that the only evidence of sale of marihuana was rank hearsay of an unidentified informant. It is proper to consider this type of evidence from a proven reliable source in determining probable cause to search. *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L. Ed.2d 723 (1964). But this evidence is inadmissible at trial to prove a fact in issue.

Reversed and remanded.

HEFLIN, C. J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.