This is an action by the State of Alabama upon relation of Wayne L. Williams, District Attorney of Tuscaloosa County, to condemn a Glastron Carlson Boat owned by Memnon Tierce, II. From an order denying the condemnation, the State appeals.
On September 20, 1980, law enforcement officers of the Tuscaloosa Police Department and of the West Alabama Narcotics Squad, pursuant to § 20-2-93, Code (1975), seized a boat belonging to Mr. Tierce. In an action to condemn the boat and have it forfeited to the City of Tuscaloosa, the State alleged that the boat had been used, or had been intended for use, to transport or in any manner facilitate the transportation of a controlled substance, to-wit: Methaqualone, which was contained in Quaalude, for the purpose of selling or receiving the same in violation of § 20-2-93, Code (1975). On May 11, 1981, forfeiture proceedings were held before a judge sitting without a jury. On May 27, 1981, the *Page 796 
trial court entered a decree denying condemnation on the grounds that the State had failed to meet its burden of proving the allegations of its complaint. The court ordered that the boat be returned to its owner, Mr. Tierce.
Section 20-2-93, Code (1975) provides in pertinent part:
(a) The following are subject to forfeiture:
 (4) All conveyances, including aircraft, vehicles or vessels, which are used or intended for use to transport [or] in any manner to facilitate the transportation for the purpose of sale or receipt
of [controlled substances]. (Emphasis added.)
The dispositive issue on appeal is whether the trial court erred in finding that under the evidence presented, the State failed to prove a "purpose of sale or receipt."[1]
The record of the forfeiture proceedings shows that the following evidence was presented by the State for the trial court's consideration: On July 27, 1980, Cathy Dwyer, an undercover narcotics agent, went with two other women to the Lake Tuscaloosa residence of Mem Tierce. When they arrived they joined Tierce and Tommy James on Tierce's boat dock. A couple of hours later, at Tierce's suggestion, these five persons boarded Tierce's boat to go for a boatride. Tierce piloted the boat around the lake and then steered it up into a slough past a houseboat. He cut the motor and allowed the boat to drift. Then James asked if anyone would like a "Quaalude." Agent Dwyer testified that everyone responded affirmatively and James distributed pills. He gave one to Dwyer, which she preserved for evidence. Dwyer saw at least "hand-to-hand" contact between James and Tierce, indicating that Tierce received a pill also. Tierce did not protest the distribution of the pills. Dwyer testified to circumstantial evidence indicating that Tierce handed a small vial to one of the other women on board who sniffed from it. Dwyer assumed the vial contained cocaine, but admitted her conclusion was based on speculation. Tierce drove the boat out of the slough and after driving around in the lake for a while, returned to his pier. Dwyer admitted on cross-examination that she observed nothing to indicate that Tierce had prior knowledge that James would offer the Quaaludes. There was no evidence that the pills were stored in or about the boat.
The State asserts that Tierce had the burden of proving his lack of knowledge or consent to the activities heretofore described. Indeed, § 20-2-93 (a)(4)(b), Code (1975) provides: "No conveyance is subject to forfeiture under this section by reason of any act or omission established by the owner thereof to have been committed or omitted without his knowledge or consent." Air Shipping International v. State, 392 So.2d 828
(Ala. 1981), relied on by the State, however, clearly shows that lack of knowledge or consent is an affirmative defense, available after the State has made a prima facie case for forfeiture by showing that the vehicle in question was used or intended for use in the transportation of a controlled substance for the purpose of sale or receipt. See also,Singleton v. State, 396 So.2d 1050 (Ala. 1981). The issue of knowledge or consent is therefore irrelevant until the State proves a "purpose of sale or receipt."
Citing Stinson v. Acme Propane Gas Company, 391 So.2d 659
(Ala. 1980) and Deal v. Johnson, 362 So.2d 214 (Ala. 1978), the State argues that the trial court erred in wholly ignoring the undisputed testimony of competent witnesses in reaching its conclusion. It is true that the evidence in the record before us is basically undisputed. It was necessary for the trial court to apply the law to the facts before it. Statutes authorizing condemnation and forfeiture of property, however, must be strictly construed. Jackson v. Evans, 379 So.2d 1236
(Ala. 1979). *Page 797 
In determining the meaning of the phrase "for the purpose of sale or receipt," the decision in Reeder v. State, 294 Ala. 260, 314 So.2d 853 (1975) appears to control. In Reeder the court noted that the previous transportation of narcotics act referred to both "receipt" and "possession." See Tit. 22, § 255 (1), Code (1940). The court then stated:
 In attempting to ascertain the legislative intent of a particular statute or provision therein, it is permissible to look to the law as it existed prior to such statute's enactment. (Citation omitted.) It follows that where the express inclusion of a specific act or acts, here "sale or receipt," evidences an intent to exclude those acts not so carried over from a pre-existing statute, here "possession," we should not attempt to read into the new statute such acts. (Citation omitted.)
314 So.2d at 857.
The State argues that the occupants of the boat "received" the Quaaludes. We find, however, as did the supreme court inReeder, that "receipt" as used in the statute means receiving for the purpose of sale. It does not mean mere possession. The trial court apparently found that the distribution of the Quaaludes to the occupants of the boat was not for the purpose of a sale or receipt, but constituted mere possession. When a case is heard orally before the trial court sitting without a jury, the trial court's findings are presumed correct and will not be disturbed on appeal unless plainly erroneous. Noel SmithDevelopment Company v. National Filtronics, Inc., 360 So.2d 338
(Ala. 1978); Eleven Automobiles v. State, 384 So.2d 1129
(Ala.Civ.App. 1980). The evidence before us supports the trial court's finding that the State failed to meet its burden of proving that the boat in question was used to transport a controlled substance for the purpose of a sale or receipt of that substance. Denial of condemnation and forfeiture of the boat was not error.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] That the substance here involved was Methaqualone contained in Quaalude is apparently not at issue. Control of Methaqualone became effective on September 30, 1973. See, Cassell v. State,55 Ala. App. 502, 317 So.2d 348 (1975).