484 So.2d 1088 (1985)
$3,976.00 U.S. CURRENCY IN the POSSESSION OF GLEN F. SASSER
v.
STATE of Alabama.
Civ. 4873.
Court of Civil Appeals of Alabama.
October 16, 1985.
Rehearing Denied November 13, 1985.
Certiorari Denied March 28, 1986.
Earl V. Johnson of Sikes, Johnson, Stokes & Taylor, Andalusia, for appellant.
Charles A. Graddick, Atty. Gen. and Thomas R. Allison, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 85-250.
EDWARD N. SCRUGGS, Retired Circuit Judge.
This condemnation proceeding under the Alabama Uniform Controlled Substances *1089 Act sought the forfeiture of $3,400 which was seized on the person of Sasser, the defendant, and the forfeiture of $576 seized inside a package or container within his immediate proximity. The trial court condemned the total of $3,976 and the defendant duly appealed.
One witness testified and the record reveals the following as to the only factual issue which is raised on appeal.
The witness, an investigator for the local sheriff's department, received certain information from a confidential informant that Sasser was selling large quantities of drugs from a trailer located in Florala and a search warrant was obtained. The witness and two other officers went to Sasser's trailer home where only Mr. and Mrs. Sasser were present. The warrant was served upon Sasser when he opened the living room door and, after the officers observed several weapons in that room, Sasser was searched and he had a total of $3,400 in the two front pockets of his pants. A "large quantity" of marijuana and "some" cocaine were discovered in the living room of the trailer. Also, a "quantity" of marijuana and $576 in mostly one dollar bills were found in the same plastic bag in the living room. There was no evidence as to how much marijuana or cocaine was found. In two separate criminal cases, Sasser pleaded guilty to trafficking in cannabis and to the possession of cocaine.
No controlled substance was detected upon Sasser's person. The witness further testified that he did not observe Sasser selling, or attempting to sell, any controlled substance to any person on that occasion.
The applicable portions of the governing code section are as follows:
"(a) The following are subject to forfeiture:
". . .
"(4) Lawful currency (money) of the United States of America seized:
". . .
"b. On the person of any human being found in the act of selling or receiving, or attempting to sell or receive, property described in subdivisions (1) or (2) of this subsection;
". . .
"1. No lawful currency (money) of the United States of America shall be condemned and forfeited, wherever seized, except by an affirmative finding by the trier of fact, either the court or jury as the case might be, to the following interrogatory'The (court) (jury) is reasonably satisfied from the evidence and inferences attendant thereto that the money in issue was used, or intended for use, in a transaction which would be a violation of the Alabama Controlled Substances Act.'"
§ 20-2-93, Code 1975.
That enactment must be strictly construed since it authorizes the condemnation and forfeiture of money or other property. State ex rel. Williams v. One Glastron Boat, 411 So.2d 795 (Ala.Civ.App.1982); Reeder v. State, 294 Ala. 260, 314 So.2d 853 (1975).
Before lawful currency of the United States which is seized on the person of a defendant can be condemned under that code section, there must be evidence as to both of the following: first, that the defendant was found in the act of selling or receiving, or attempting to sell or receive, a controlled substance and, second, that the money was used, or intended for use, in a transaction which would be a violation of the Alabama Controlled Substances Act. The trier of fact must be reasonably satisfied from the evidence and reasonable inferences attendant thereto as to both of those elements before an order of condemnation can be made in such a case.
Here, no question is raised as to the forfeiture of the $576 or as to the trial court's finding as to the second element. The sole issue as raised by Sasser is whether there was sufficient evidence to uphold the order of condemnation of the $3,400. Specifically, the question before us is whether there was any credible evidence that Sasser was found in the act of selling or receiving, or attempting to sell or receive, *1090 marijuana or another controlled substance on the occasion in question.
The rank hearsay of the investigator that his confidential informant told him that Sasser was selling drugs in large quantities cannot be considered as proof of the fact in the issue before us. Reeder v. State, supra.
Section 20-2-93(a)(4)(b), Code 1975, only authorizes the forfeiture of money which is seized on the person of a human being who is then found in the act of selling, etc., a controlled substance. There was an absolute void in the evidence that Sasser was "found in the act" of doing any of the prohibited matters which would render the $3,400 in currency to be subject to forfeiture.
As was stated by the supreme court, "We are of the opinion that the evidence in this case showed no more than possession and the State has failed to meet its burden of proof." Reeder v. State, 294 Ala. at 265, 314 So.2d at 857.
The final judgment of the learned trial court is affirmed as to the condemnation of the $576 and it is reversed as to the condemnation of the $3,400. Upon remand, the trial court shall enter a judgment accordingly.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.
HOLMES, J., concurs specially.
HOLMES, Judge (concurring specially).
I feel compelled to comment on the inference that a person must be found in the act of selling, etc., a controlled substance for the forfeiture of money seized to be authorized under Ala.Code (1975), § 20-2-93.
It would appear to me that, if an individual is found with enough of a controlled substance on his person to support a conviction for trafficking (see Ala.Code (1975) § 20-2-80), then any money found on his person would be subject to forfeiture, even though he was not found in the act of selling, etc., the controlled substance. Unfortunately, in the instant case, as indicated in the majority opinion, there is no proof of the amount of the controlled substance.