This is an appeal by the State from a final judgment in a condemnation proceeding wherein the trial court determined after an ore tenus trial that the State had failed to meet its burden of proof. Accordingly, the State's petition to condemn $5,133 of United States currency was denied.
The dispositive issue on appeal is whether the judgment is supported by the evidence.
Only two witnesses testified, one for each side. The record reveals the following:
The witness Davis was employed by the Narcotics and Intelligence Bureau of the Montgomery Police Department on September 13, 1985. He testified that he had in his possession a search warrant for the *Page 867 
search of a certain apartment in Montgomery and that he went to that address and participated in the execution of the search warrant and in a search of that residence. The search warrant was not introduced, and he did not testify as to the date and time of any of the following: when the search warrant was issued, when the search was authorized, when he possessed the search warrant, when it was executed, or when the apartment was searched.
The defendant and one female were present at the apartment during the actual search. The officers found the following in a bedroom: some scales, a .22 automatic pistol, one ounce of marijuana in a top drawer of a dresser, and a briefcase. The defendant admitted to the officers that the briefcase belonged to him. The briefcase contained $5,133 in U.S. currency which was in a plastic bag which also contained a trace of marijuana. The defendant claimed that the money was his savings.
A vehicle was also searched and, evidently, marijuana in excess of five pounds was located therein. In separate proceedings, the State had sought to condemn the vehicle and, before the condemnation trial commenced as to the money, the defendant announced in open court that he did not contest the condemnation of the vehicle since he did not claim to own any interest in it.
A trafficking in cannabis felony charge was instituted against the defendant concerning the marijuana, and he plead guilty to that offense before the same circuit judge that tried and decided this condemnation case.
The officer testified that, to his personal knowledge, the defendant did not sell, receive, or attempt to sell or receive a controlled substance and that he did not find the defendant in the act of selling, receiving, attempting to sell or attempting to receive a controlled substance.
Testimony was further given by the officer in substance that only an informer personally knew about a purchase from the defendant, but the officer refused to furnish the name of the informer. The officer was in the immediate vicinity of the residence, and he observed the informer enter the apartment at which time the informer did not have any marijuana with him, but, when the informer came out of the apartment, "[h]e had marijuana he had purchased from Woodrow." The officer observed several people enter and leave the residence, and he stated that all of the marijuana could have belonged to someone other than the defendant.
The officer did not ever testify as to what time or date this episode concerning the informer occurred. The informer did not testify. The record does not disclose that the defendant resided at, or had any interest in, the apartment which was searched.
The defendant's former wife was the only defense witness. She swore that she and the defendant were separated during 1985, but that they had considered getting back together. She went to Chicago by March 5, 1985, and lived there until sometime in September 1985. During that time she saved about $700 each month from her earnings and brought it to the defendant so that it might be saved and applied towards the purchase of a home for them if and when they resumed their marital relationship. She claimed that most of the seized money belonged to her. The couple is now divorced.
The standard of proof required under the applicable condemnation statute, § 20-2-93, Code 1975, is reasonable satisfaction, and the State is required to establish by the evidence a prima facie case for the seizure, condemnation, and forfeiture of property under that Code section. Pickron v.State, ex rel. Johnston, 443 So.2d 905 (Ala. 1983). When a trial is conducted orally before the trial court, sitting without a jury, the trial court's findings of fact are presumed to be correct unless shown to be clearly contrary to the great weight of the evidence. Eleven Automobiles v. State, *Page 868 384 So.2d 1129 (Ala.Civ.App. 1980). Stated differently, this court will not overturn a trial court's factual holding in anore tenus case if there is any evidence to support those findings. Pickron, 443 So.2d at 909. Before an order of condemnation of the money could have been rendered and entered in the present case, it was necessary that the trial court be reasonably satisfied from the evidence and reasonable tendencies therefrom that the defendant was found in the act of selling or receiving or attempting to sell or receive a controlled substance and that the money in issue was used, or was intended to be used, in a transaction which would be a violation of the Alabama Controlled Substances Act. § 20-2-93, Code 1975; $3,976.00 U.S. Currency v. State, 484 So.2d 1088
(Ala.Civ.App. 1985).
The trial court expressly stated in the final judgment that the State failed to meet its burden of proof in this case. The evidence of the defendant's former wife and the voids or omissions in the State's evidence which have been previously noted herein sufficiently support the holding of the trial court in denying a condemnation of the $5,133.
At the trial and upon this appeal, the State's able counsel in both courts have heavily relied upon Carter v. State,Jefferson County, 465 So.2d 1156 (Ala.Civ.App. 1984). We upheld the trial court's decision to condemn certain money because the ore tenus rule applied and there was evidence before that trial court which supported its holding. We further note that there are factual distinctions in Carter and the instant appeal.
The judgment in the present case not to condemn the money is supported by the evidence.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.