INGRAM, Judge.
In this forfeiture case, the State appeals the trial court’s denial of condemnation of an automobile seized in connection with an undercover cocaine buy.
The material facts are undisputed: As part of an undercover narcotics investigation, a Montgomery police officer had arranged to buy some cocaine from the defendant at a specified location. On the appointed night, the officer arrived first; shortly thereafter, the defendant and two others arrived in the defendant’s 1977 Chevrolet Caprice. The defendant got out of his car and sold 2.5 grams of cocaine to the undercover police officer. The defendant was arrested. When officers approached the defendant’s car, his companions fled in the vehicle. In the ensuing chase, the officers observed certain objects being thrown from the car, apparently containing a substance used in “cutting” cocaine. The car was abandoned and a can-nister of that substance found inside. The vehicle was seized for forfeiture. Although there is some dispute regarding the circumstances surrounding the cutting substance, there is no dispute as to the defendant’s arrival in an automobile owned by him. There is no dispute as to his sale of the cocaine, and that such sale was in violation of the law. He was later convicted for this criminal act.
Section 20-2-93(a)(5), Code 1975, provides in pertinent part that the following are subject to forfeiture:
“All conveyances, including aircraft, vehicles or vessels, which are used or intended for use to transport or in any manner to facilitate the transportation for the purpose of sale or receipt of [controlled substances]....” (Emphasis ours.)
The trial court held the defendant’s car not forfeited. The State appeals.
*532 Since the material facts are not in dispute and the court made no findings, the ore tenus rule does not apply in this case. Taylor v. Godsey, 357 So.2d 979 (Ala.1978). The issue, therefore, is whether the court correctly applied the law to the given facts.
The supreme court has previously considered the intent of the statute in question:
“The forfeiture provisions in Code 1975, § 20-2-93, are clearly intended to be a deterrent to illegal drug dealing, and to aid the objectives of criminal law enforcement.”
Nicaud v. State ex rel. Hendrix, 401 So.2d 43, 45 (Ala. 1981). The defendant argues for a strict construction of the statute. Reeder v. State, 294 Ala. 260, 314 So.2d 853 (1975). More to the point is the concern expressed by the trial court at trial:
“You are saying if someone rides around with drugs in their pocket and if they are stopped and get out of the car — if the police stop them and search them and they have drugs in their pocket, you condemn the car? I don’t think that is what the statute reads.”
Our review of the evidence in this case leads us to conclude that the facts in the present case are different from the observation made above by the trial court. The facts in this case involve an undisputed plan to sell a controlled substance coupled with its execution. The vehicle owned by the defendant was used on this occasion to effectuate the illegal sale by transporting the defendant and his cocaine to the place where the sale was consummated. The facts here clearly detail criminal activity sufficient to come within the purview of the statute. A defendant cannot defeat the intent of the statute by having the cocaine on his person rather than on the seat beside him. Both federal and state cases have held to this conclusion in applying analogous statutes to similar facts. See United States v. One 1973 Mercedes-Benz, 421 P.Supp. 580 (D.Mass.1976); State v. One 1980 Pontiac, 695 S.W.2d 821 (Tex. App.1985).
We then must conclude that the trial court’s application of the law to the facts is in error.
The judgment is reversed, and the cause is remanded for entry of judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
BRADLEY, P.J., and HOLMES, J., concur.