This appeal results from a condemnation of money pursuant to section 20-2-93, Code 1975.
On February 28, 1986 the Mobile Police Department searched the home of the appellants, William Allen Hayden and Mattie Harris Hayden. The search revealed cocaine and marijuana in a dresser drawer located in one of the bedrooms of the Haydens' house.
The officers also seized from the same dresser drawer a sum of United States currency in the amount of $5,740 which they determined was either used or intended for use in a drug transaction in violation of Alabama's Controlled Substances Act.
The Haydens appeal the trial court's condemning the $5,740. They assert that the search warrant affidavit was legally insufficient and, consequently, both the money and drugs confiscated should have been excluded from evidence at trial. The Haydens further maintain that the State failed to establish a prima facie case as required by section 20-2-93(a)(4), Code 1975. We deem the disposition of the prima facie case issue to be dispositive of this appeal and therefore pretermit a discussion of the sufficiency of the search warrant affidavit.
To properly seize, condemn, and submit property to forfeiture pursuant to section 20-2-93, Code 1975, the State must first establish a prima facie case. State v. Walker, 503 So.2d 866
(Ala.Civ.App. 1987). Further, the State is required to establish by reasonable satisfaction each element of the statute. Walker, supra. § 20-2-93, Code 1975.
When any evidence exists or any reasonable inference can be drawn from it to support the trial court's ore tenus findings, then we must affirm. Pickron v. State ex rel. Johnston,443 So.2d 905 (Ala. 1983). However, when those findings are completely without evidential support so as to be plainly erroneous, then we must reverse. Pickron, supra.
The particular statute relied on by the State to condemn the money provides:
"(a) The following are subject to forfeiture:
". . .
 "(4) Lawful currency (money) of the United States of America seized:
". . .
 "c. Inside the room, closet, hallway, passageway or other intermediate area of any building of any type whatsoever, wherein any human being is found in the act of selling or receiving, or attempting to sell or receive, property described in subdivisions (1) or (2) of this subsection;
". . . provided, however, that:
 ". . . '[t]he (court) (jury) is reasonably satisfied from the evidence and inferences attendant thereto that the money in issue was used, or intended for use, in a transaction which would be a violation of the Alabama Controlled Substances Act."
§ 20-2-93, Code 1975.
We note that the statute requires that the currency must be in a room wherein a person has been found in the act of either selling or receiving or attempting to sell or receive drugs. § 20-2-93, Code 1975. The record fails to reveal any evidence that the Haydens were selling or receiving drugs or attempting to engage in either act in the room of the Haydens' house where the controlled substances were found.
It is without dispute that drugs were found in the Haydens' possession. However, our supreme court has determined that "the word 'receipt,' as used in this statute means receiving for the purpose of sale or in some way to facilitate the sale of drugs. It does not mean possession merely." Reeder v. State, 294 Ala. 260, 314 So.2d 853 (1975).
Accordingly, we hold that the State has not met its burden of proof pursuant to the statute. *Page 640 
In $3,976.00 United States Currency v. State, 484 So.2d 1088
(Ala.Civ.App. 1985), this court noted:
 "Before lawful currency of the United States which is seized on the person of a defendant can be condemned . . . there must be evidence as to both of the following: first, that the defendant was found in the act of selling or receiving, or attempting to sell or receive, a controlled substance. . . ."
We find the record devoid of any evidence establishing the Haydens were discovered either selling or receiving or attempting to sell or receive drugs. As we stated earlier, drugs and a large sum of United States currency were found in their home. However, mere possession of cash fails to establish that the currency was received as a result of drug sales.Reeder, supra. Consequently, the condemnation was in error. The judgment of the trial court is reversed and the cause remanded for entry of judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
HOLMES and INGRAM, JJ., concur.