This is an automobile condemnation case which arose out of the alleged use of the vehicle to transport marijuana for sale. The forfeiture was pursuant to the provisions of section20-2-93(a)(5), Code 1975.
Al Felder (defendant) moved for a directed verdict at the close of plaintiff's case on the ground that the State failed to join an indispensable party under Rule 19, Alabama Rules of Civil Procedure. Defendant claimed his eighteen-month old child should have been joined, as he was the title owner of the vehicle being condemned.
On December 15, 1986 the trial court issued an order condemning the automobile. Defendant appeals and raises two issues for decision. In the first issue defendant claims the trial court erred in denying the motion to dismiss for the State's failure to join a party under Rule 19(a), A.R.Civ.P. We disagree.
In August 1985 the defendant purchased the vehicle, paid cash for it, and procured the issuance of the certificate of title in his child's name. The defendant was later convicted of a felony for using a false name in the application for a certificate of title. § 32-8-12(4), Code 1975 (1983 Repl.Vol.). That conviction was recently reversed because of a defect in the indictment. Felder v. State, 512 So.2d 817 (Ala.Crim.App. 1987). The defendant drove the vehicle until August 1986 when he was arrested and the vehicle was impounded. No evidence was adduced at the condemnation trial to suggest that anyone other than the *Page 18 
defendant exhibited dominion or control over it after its purchase.
Defendant claims his infant child, Al Moncrief, should have been joined, as he is the certificate of title holder of the automobile. The child was never made a party to the condemnation proceeding, although both the investigating law enforcement agency and the district attorney's office were cognizant that the child was named as the vehicle's owner in the certificate of title.
 "(a) Persons to Be Joined if Feasible. A person who is subject to jurisdiction of the court shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."
Rule 19(a), A.R.Civ.P.
There is no prescribed formula that can be applied to determine whether a party is indispensable under Rule 19(a) but, rather, is a determination to be made by the court in the context of each particular case by applying equitable principles. J.R. McClenney Son, Inc. v. Reimer, 435 So.2d 50
(Ala. 1983). The rule gives the court discretion to permit or deny the joinder of an additional party. Ford Motor Credit Co.v. Beard, 45 F.R.D. 523 (D.S.C. 1968). The appellate review of this issue is whether the trial court abused its discretion in determining the infant child of the defendant was not an indispensable party. Ross v. Luton, 456 So.2d 249 (Ala. 1984).
As certificate of title holder of the automobile, the child would come within the provision of Rule 19(a)(2) as having "an interest relating to the subject of the action." Rule 19, A.R.Civ.P. The interest must be one that is legally protected and not merely a financial interest or one of convenience.Cortez v. County of Los Angeles, 96 F.R.D. 427 (C.D.Cal. 1983);Realty Growth Investors v. Commercial Industrial Bank,370 So.2d 297 (Ala.Civ.App. 1979). The court, when determining parties under Rule 19, should place emphasis on the practical and pragmatic considerations of each case. Provident TradesmenBank Trust v. Patterson, 390 U.S. 102, 88 S.Ct. 733,19 L.Ed.2d 936 (1968); Lopez v. Martin Luther King, Jr. Hospital,97 F.R.D. 24 (C.D.Cal. 1983). A determination of whether an interest under Rule 19(a)(2) exists should be viewed from a practical standpoint and should turn on the particulars of the case. Lopez, supra.
In considering the issue of joinder of an indispensable party, the court is bound by the record at the time of the motion. Geer Bros., Inc. v. Walker, 416 So.2d 1045
(Ala.Civ.App. 1982). A defense of failure to join an indispensable party under Rule 19 may properly be made at the trial on the merits, Rule 12(a)(2), A.R.Civ.P., or it may even be raised for the first time on appeal. Holley v. Wright, 408 So.2d 129
(Ala.Civ.App. 1981). The record evidence indicates sufficient factors for the determination that the child was not an indispensable party under Rule 19(a), A.R.Civ.P.
It is not necessary in every case to join as a party the title holder of the property. Morgan Plan Co. v. Bruce,266 Ala. 494, 97 So.2d 805 (1957). The title holder (child) in this case need not be joined as a party. The certificate of title held by the child is prima facie evidence of ownership but is subject to rebuttal by contradictory evidence as was introduced in the instant case. Eleven Automobiles v. State,384 So.2d 1129 (Ala.Civ.App. 1980); Winstead v. State, 375 So.2d 1207
(Ala.Civ.App. 1979). Record evidence reveals that the car was purchased by the defendant, that he maintained complete dominion and control over the automobile, and he had been seen on twenty to twenty-five occasions driving the automobile.
It is apparent from the record evidence before the court that the defendant was the real party in interest and the title *Page 19 
was put in the child's name as a subterfuge. Thus, the court did not abuse its discretion in determining the child was not an indispensable party.
The second issue presented on appeal was whether the evidence before the trial court was sufficient to condemn the automobile under section 20-2-93, Code 1975. The trial court, hearing the evidence ore tenus, concluded that the State had made a prima facie case under the statute and ordered condemnation of the automobile. Defendant contends the trial court did not have sufficient evidence upon which to order condemnation. We agree.
Defendant was arrested for theft subsequent to a transaction alleged by John Henley. Henley and a friend drove from Elmore County to Montgomery to purchase some marijuana. They went to Tulane Court and met a man named Charles who took them to the defendant's store. Henley remained in the car, within sight of the store. Charles allegedly spoke with the defendant but the conversation was not heard by Henley. Charles came back to the car and instructed Henley to drive to a specified place where they all waited for the defendant to arrive. Upon the arrival of the defendant in the automobile now subject to condemnation, Henley gave Charles $600 to purchase the marijuana. Charles and defendant went to Tulane Court, instructing Henley to wait for their return. He waited for a period of time and then went to Tulane Court where he spoke with defendant, who instructed him not to worry about his money and to go back and wait. No mention was made of marijuana at any time between Henley and the defendant.
Henley waited again for a period of time and decided to go back to defendant. At this time defendant claimed to have no knowledge of what Henley was talking about. Henley obtained the automobile tag number and reported the incident to the police. The defendant drove to the police station, where he was arrested, and pursuant to the arrest, the car was impounded and an inventory search was conducted. Results from the search and a subsequent vacuuming of the automobile produced a partially smoked hand-rolled cigarette and a butt, both presumed to be marijuana. These were found in the floorboard of the back seat and in the trunk area. Residue of leaf and seeds was taken from the ashtray area and from the carpet.
Record evidence revealed that the substances were indeed marijuana, a controlled substance within the meaning of section20-2-93, Code 1975. The testimony of the police officers involved and the forensic lab report were part of the record evidence. The forensic lab report indicated the weight of the marijuana cigarettes was .5 grams and the residue weight was unascertainable and listed as a trace amount. Except for Henley's testimony on the alleged "drug transaction," no other evidence was introduced regarding controlled substances, the sale of controlled substances, or the use or intended use of the automobile in the sale or receipt of a controlled substance.
The applicable statute provides in part:
"(a) The following are subject to forfeiture:
 "(5) All conveyances, including aircraft, vehicles or vessels, which are used or intended for use to transport or in any manner to facilitate the transportation for the purpose of sale or receipt of property described in subdivisions (1) or (2) of this subsection. . . ."
§ 20-2-93, Code 1975.
The provisions set out in this statute are intended as a deterrent to illegal drug activity and to aid in criminal law enforcement. Nicaud v. State ex rel. Hendrix, 401 So.2d 43
(Ala. 1981). However, such a statute authorizing the seizure, forfeiture, and condemnation is extremely penal in nature and, as such, should be strictly construed. Reeder v. State ex rel.Myers, 294 Ala. 260, 314 So.2d 853 (1975); State v. Blair,435 So.2d 124 (Ala.Civ.App. 1983).
Although the standard of proof required under the forfeiture statute is reasonable satisfaction, Pickron v. State ex rel.Johnston, 443 So.2d 905 (Ala. 1983), we do not find sufficient evidence in the record to *Page 20 
support the conclusion of the trial court. We agree that in review of an ore tenus hearing the trial court's finding is presumed to be correct unless it is shown to be contrary to the great weight of the evidence. State v. Walker, 503 So.2d 866
(Ala.Civ.App. 1987). We find here, however, that the evidence does not support the conclusions of the trial court.
The facts in Pickron, supra, parallel the facts of the case before us. In Pickron, the reported weight amount equalled 1 gram, whereas here the total weight was only .5 gram, one-half of the weight found in Pickron. The court in that case stated: "We find it unreasonable to conclude that one gram of marijuana (unpackaged and scattered throughout the vehicle) and a 'trace' amount of cocaine (too small to be weighed) could be intended for sale." Pickron, supra.
The supreme court in Reeder, supra, concluded that such a small amount of marijuana found in an automobile would constitute, at most, possession of a controlled substance and not the sale or receipt of such a substance under the statute.
There was also testimony in Pickron from the defendant's wife that he was involved with drugs and always had large sums of money. The State was trying to condemn money found in that case under the same statute. In the case before us now, we do not have the testimony of known drug activities, nor do we have large sums of money found. We have only the testimony of John Henley regarding an alleged drug transaction. The record evidence indicates that drugs were not mentioned at any time between Henley and the defendant.
Appellee's brief suggests that inferences can be drawn from Henley's testimony involving the alleged drug transaction and that such an inference would be sufficient evidence for condemnation. The supreme court in Pickron, supra, did not find such testimony sufficient as evidence of drug dealing when reviewing the testimony of the defendant's wife. We find that such an inference here is not sufficient to show the use or intended use for sale or receipt.
It is important to note that the statute mandates evidence that the vehicle was "used" or "intended for use" to transport the contraband for the "purpose of sale or receipt" of the controlled substance. § 20-2-93, Code 1975. The supreme court has indicated it takes more than just the existence of small amounts of a controlled substance to condemn under this statute. There needs to be evidence linking the substance to a "sale or receipt" of that substance. Pickron, supra. The existence of small amounts of marijuana, in this case .5 grams, without evidence that it was for "sale or receipt" is not sufficient for condemnation and suggests mere possession of a controlled substance.
While we will not overturn a trial court's ore tenus finding if there is any evidence to support those findings, or a reasonable inference that can be drawn therefrom to support the findings, when there is no supportive evidence, as we conclude here, we must reverse the judgment. Pickron, supra. We find the trial court's order plainly erroneous and against the great weight of the evidence, and as such, we have no alternative except to reverse the judgment of the trial court.
That aspect of the trial court's judgment refusing to add defendant's child as a party defendant is affirmed; that aspect of the judgment condemning the vehicle is reversed, and the cause is remanded for entry of judgment consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.
All the Judges concur. *Page 21