ROBERTSON, Judge.
This is a forfeiture case.
On October 27, 1988, the state filed a petition for the condemnation of a vehicle possessed by the Johnstons. In support of its petition, the state alleged that the vehicle had been used to transport controlled substances.
On December 8,1988, the Bank of Tallas-see moved to intervene in the condemnation proceeding, alleging that as a bona fide *263 protected lien holder, it had an interest in the vehicle and that pursuant to § 20-2-93, Code 1975, the bank had an implied statutory right to intervene. The trial court granted the bank’s motion to intervene.
Following a hearing in which evidence was presented ore tenus, the trial court entered an order, which found:
“There is no evidence before the court suggesting that the conduct of defendant Johnston in subjecting the vehicle to forfeiture was done with the knowledge or consent of the Bank of Tallassee.
"... Furthermore, no evidence is before this Court as to what, if anything the bank could have legally done under the facts here presented within the purview of § 20-2-93 to have prevented George Johnston from transporting drugs.
"... This court cannot find ... under the facts and circumstances here presented that the conduct of the bank, here showed such a lack of reasonable diligence or anything the bank could have reasonably done to have prevented the illegal use of the vehicle so as to warrant forfeiture from the bank under § 20-2-93 as the law is presently written.”
On appeal, the state asserts that the trial court erred to reversal in its finding that the bank exercised the level of diligence required by § 20-2-93, Code 1975.
Section 20-2-93, Code 1975, provides, in pertinent part, as follows:
“(h) ... An owner’s or bona fide lien-holder’s interest in any type of property ... shall be forfeited under this section unless the owner or bona fide lienholder proves both that the act or omission was committed or omitted without the owner’s or lienholder’s knowledge or consent and that the owner or lienholder could not have obtained by the exercise of reasonable diligence knowledge of the intended illegal use of the property so as to have prevented such use.... ”
We will not reverse a trial court’s factual findings in an ore tenus proceeding if any evidence exists to support those findings. State v. Walker, 503 So.2d 866 (Ala.Civ. App.1988). Here, the trial court specifically found that the evidence supported a determination that the bank could not have done anything to prevent the Johnstons’ illegal use of the vehicle and, further, that the facts did not indicate that the bank’s conduct indicated a lack of reasonable diligence.
The loan officer at the bank, from whom the Johnstons borrowed the proceeds to buy the truck, testified that she had done prior business with the Johnstons and that their payment history on prior loans was good. Further, the loan officer testified that she had no indication that the John-stons were involved in illegal drugs and did not know of any rumors that they were so involved. Other persons who worked in Tallassee also testified that the Johnstons were not known to be involved with illegal drugs.
Consequently, we affirm the trial court’s determination that the bank complied with the provisions of § 20-2-93, Code 1975, so as to prevent the forfeiture of their interest in the vehicle.
We note that the state asserts that the bank should have run a criminal history check. However, we cannot find that the bank’s failure to run a criminal history check on the Johnstons reflected a lack of reasonable diligence such that its lienholder’s interest in the vehicle could be forfeited.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.