ROBERTSON, Presiding Judge.
This is an appeal from a forfeiture proceeding pursuant to § 20-2-93, Code 1975.
The facts in this case are undisputed and were stipulated to before the trial court. On June 25, 1990, Officer J.W. Shelton of the Birmingham Police Department, while working undercover, observed Eric Bruce unlawfully trafficking in cocaine, for which Bruce was arrested. On March 8, 1991, Shelton met Bruce, pursuant to a previous conversation, and Bruce paid Shelton the sum of $10,000 in cash as an attempted bribe. The purpose of the attempted bribery was to dispose of the pending arrest charges and to keep Bruce from being arrested and charged in the future with drug-related offenses.
It was not disputed that Bruce was a .drug dealer. After the payment of the $10,000, the attempt to arrest Bruce for attempted bribery of a police officer resulted in a high-speed chase in which Bruce got away. In addition to the $10,000, the police found $500 in Bruce’s abandoned vehicle. Bruce later surrendered to the police.
The State filed a “currency petition” seeking the forfeiture of both the $10,000 and the $500 pursuant to § 20-2-93(a)(4), Code 1975. Following the stipulation of facts, the trial court entered an order which in part provided that:
“It is the position of the State that furnishing $10,000 in bribe money is currency to be used to facilitate a transac *980 tion involving controlled substances in violation of § 20-2-93, Alabama Code 1975. This court agrees.
“This court hereby concludes that the sum of $10,000 exchanged by Bruce was used or intended to have been used to facilitate a violation of the law of the State of Alabama concerning controlled substances in violation of § 20-2-93(a)(4), Alabama Code 1975. Certainly, any agreement sought by Bruce to avoid future prosecutions for violation of the controlled substances laws comes within the meaning of § 20-2-93.
“However, this court also finds that the $500 found in the automobile has not been established by the evidence to have been used or intended for use in connection with a violation of § 20-2-93.”
The two issues raised by Bruce on appeal are whether the State established a prima facie case as required for forfeiture, and whether the trial court strictly construed § 20-2-93, Code 1975.
Bruce argues that “in order to condemn currency, the person must be either in the act of selling or attempting to sell controlled substances,” citing Bohannon v. State ex rel. Galanos, 510 So.2d 193 (Ala.1987); Reeder v. State, 294 Ala. 260, 314 So.2d 853 (1975); $9,886 U.S. Currency v. State, 541 So.2d 27 (Ala.Civ.App.1989); Cumbie v. State, 515 So.2d 973 (Ala.Civ.App.1987); Hayden v. State ex rel. Galanos, 513 So.2d 638 (Ala.Civ.App.1987); State v. Walker, 503 So.2d 866 (Ala.Civ.App.1987); and $3,976 U.S. Currency v. State, 484 So.2d 1088 (Ala.Civ.App.1985), to support this premise.
These cases were all decided when § 20-2-93(a)(4)(d) provided that:
“1. No lawful currency (money) of the United States of America shall be condemned and forfeited, wherever seized, except by an affirmative finding ... that the money ... was used, or intended for use, in a transaction which would be a violation of the Alabama Controlled Substances Act.”
However, in 1988, the Alabama legislature enacted “The Drug Profits Forfeiture Act of 1988,” Act No. 88-651, wherein the above code section was amended. Section 20-2-93(a)(4) now provides that “all moneys ... used or intended to be used to facilitate any violation of any law of this state concerning controlled substances” are subject to forfeiture.
The dispositive issue in this appeal is whether the trial court erred in finding that the $10,000 “was used or intended to have been used to facilitate a violation of the law of the State of Alabama concerning controlled substances....” We hold that the trial court did not err in making such a finding and is due to be affirmed.
We find that the State established a prima facie case for the forfeiture of the money under § 20-2-93(a)(4). We recognize that the forfeiture statute is highly penal in nature and must be strictly construed. Bohannon; Reeder, supra. Clearly, had the bribery attempt been successful, the $10,000 would have facilitated Bruce’s efforts to violate the laws of this state as to controlled substances.
A favorable disposition of the existing trafficking case, as well as Bruce being less fearful of being arrested in the future by Shelton, or by anyone within Shelton’s influence or control, would certainly facilitate Bruce’s efforts to traffick in cocaine or other controlled substances.
Consequently, this case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ„ concur.