This is an appeal by the State of Alabama from a condemnation proceeding in the Circuit Court of Pike County. Certain monies ($4,160) and other personal property belonging to the defendant were adjudged not subject to forfeiture under § 20-2-93, Ala. Code (1975).
The State appeals only from that part of the order relating to the return of the $4,160 in currency. We affirm.
The dispositive issue is whether the evidence supports the judgment of the trial court that the seized money was not in this instance subject to forfeiture under § 20-2-93, Ala. Code (1975).
The record reveals the following pertinent evidence: An undercover agent for the Department of Public Safety and an informant went to the defendant's residence in Pike County and bought some marijuana with marked money from a female individual. The defendant was not present during the sale. Later that same day, after obtaining a search warrant, the undercover officer along with several officers from the Pike County Sheriff's Department and Troy Police Department returned to the defendant's residence to execute the warrant. During a search of the house and premises for the marijuana, the officers found a small cosmetic suitcase under a bed which contained the $150 in marked money commingled with the $4,160. The suitcase also contained an employment check made out to the defendant. There is conflicting testimony by the officers present as to whether the suitcase also contained weighing scales and marijuana seeds. The defendant was not present at the time of the search. The officers, however, did find marijuana on the premises and, therefore, seized the money in the suitcase along with other items of personal property belonging to the defendant.
Section 20-2-93, Ala. Code (1975), provides for the seizure and forfeiture of lawful currency. The pertinent part of that statute reads as follows:
"(a) The following are subject to forfeiture:
". . . .
 "(4) Lawful currency (money) of the United States of America seized:
". . . .
 "c. Inside the room, closet, hallway, passageway or other intermediate area of any building of any type whatsoever, wherein any human being is found *Page 126 
in the act of selling or receiving, or attempting to sell or receive, property described in subdivisions (1) or (2) of this subsection;
 "d. Inside any piece of baggage, bag, package or container within the intermediate proximity of any human being found in the act of selling or receiving, or attempting to sell or receive, any property described in subdivisions (1) or (2) of this subsection; provided, however, that:
 "1. No lawful currency (money) of the United States of America shall be condemned and forfeited, wherever seized, except by an affirmative finding by the trier of fact, either the court or jury as the case might be, to the following interrogatory — `The (court) (jury) is reasonably satisfied from the evidence and inferences attendant thereto that the money in issue was used, or intended for use, in a transaction which would be a violation of the Alabama Controlled Substances Act.'"
While money seized under § 20-2-93 may clearly be subject to forfeiture, the burden, nevertheless, rests with the State to reasonably satisfy the trier of fact by the evidence presented and inferences therefrom that such money in issue "was used, or intended for use, in a transaction which would be in violation of the Alabama Controlled Substances Act." Here, the trial court found the evidence insufficient.
The State contends that as a matter of law the physical evidence and the testimony of the witnesses support a reasonable belief that the $4,160 was used or intended for use
in violation of the Controlled Substances Act. It is true that the evidence in the record before us is basically undisputed. However, it was the duty of the trial court to apply the law to the facts before it. Statutes authorizing condemnation and forfeiture of property must be strictly construed. Jackson v.Evans, 379 So.2d 1236 (Ala. 1979).
The trial court apparently was not reasonably satisfied that the $4,160 seized was used or intended for use in violation of Alabama's drug laws. This could logically be supported by the presence of the employment check with the other money as well as the absence of the defendant from his residence both at the time of the sale and the search.
Even more importantly, there is no evidence which directly links the $4,160 with the $150 used to buy the illegal drugs. This is substantiated by the testimony of Officer Tommy Sherman, the undercover agent, who testified as follows:
 "Q. Tommy, this forty-one hundred dollars or forty-two hundred dollars that we are talking about, to your knowledge was this money involved in any drug transactions?
"A. Not to my knowledge.
". . . .
 "Q. But you don't have knowledge that the money that we are talking about came from illegal drugs do you?
"A. No, sir.
 "Q. There is nothing to connect that forty-one hundred dollars to any illegal dealings is it?
"A. Not to my knowledge."
When a case is heard orally before the trial court sitting without a jury, the trial court's findings are presumed correct and will not be disturbed on appeal unless plainly erroneous.State v. One Glastron Boat, 411 So.2d 795 (Ala.Civ.App. 1982). In view of the above, denial of condemnation and forfeiture of the money was not error. Put another way, the evidence supports the trial court's finding that the State failed to meet its burden in proving that the money was used or intended for use in violation of the Alabama Controlled Substances Act.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 127