This is an appeal by the defendant from a condemnation proceeding in the Circuit Court of Jefferson County. The court found that certain monies ($3,190) seized in the defendant's residence were subject to forfeiture under § 20-2-93, Ala. Code (1975).
The defendant, through able counsel, appeals, contending that there was no evidence that the money was used or intended for use in a transaction which would violate Alabama's drug laws. We disagree and affirm.
The dispositive issue on appeal is whether the evidence supports the judgment of the trial court that the seized money is subject to forfeiture under § 20-2-93, Ala. Code (1975).
The record reveals the following:
Officers of the Jefferson County Sheriff's Office went to the defendant's residence in Jefferson County in order to execute a search warrant. Before knocking on the defendant's door, two officers were stationed at the rear of the residence.
The officers testified that, after a knock on the front door, the defendant fled out the back door, where he was apprehended by the officers stationed there. He was searched for weapons, and a syringe was found in his back pocket.
The two officers then escorted the defendant back inside the house where he was read his Miranda rights. The residence was then searched.
During the search of the bedroom, one of the officers found a plastic bag of marijuana, along with $3,190 in currency. Both the drugs and the roll of money were in the top drawer of a chest in the bedroom.
Three more plastic bags of marijuana were found in the living room, along with a box of the drug on the coffee table.
The officers testified that the defendant was asked if the money found in the drawer was his, to which he replied, "No."
At the forfeiture hearing, the defendant's testimony was in direct conflict with that of the officers'. He stated that the officers did not knock on his door, but rather "kicked it in," that he did not run out the back door, and that he did not claim the money because he was told that whoever claims the money "will have a case." The defendant also testified that he was unaware that there was any marijuana in the house.
The defendant claims that the money found in the drawer next to the marijuana was money that he earned doing "tree surgery work" at six dollars per hour.
Section 20-2-93, Ala. Code (1975), states in pertinent part:
 "1. No lawful currency (money) of the United States of America shall be condemned and forfeited, wherever seized, except by an affirmative finding by the trier of fact, either the court or jury as the case might be, to the following interrogatory — `The (court) (jury) is reasonably satisfied from the evidence and inferences attendant thereto that the money in issue was used, or intended for use, in a transaction which would be a violation of the Alabama Controlled Substances Act.'"
Section 20-2-93 (a)(4)(d)1, Ala. Code (1975).
This court stated in State v. Blair, 435 So.2d 124
(Ala.Civ.App. 1983), that under § 20-2-93 the burden rests with the State to prove to the trial court that the money was used or was intended for use in a transaction in violation of the Alabama Controlled Substances Act. Here, the trial court found that the evidence was sufficient. *Page 1158 
The defendant contends that there was no evidence that the money was used or intended for use for illegal purposes.
There was evidence, however, that the roll of money was found in the same drawer as the marijuana. There was also evidence that the marijuana was packaged in individualized bags, except for the box of marijuana found on the coffee table. Additionally, the defendant stated at the time of the arrest that the money was not his, but at the forfeiture hearing claimed that he earned the money doing tree surgery work.
Furthermore, much of the defendant's testimony was in direct conflict with the testimony of the law enforcement officers. Apparently, the trial judge questioned the veracity of the defendant and chose to believe the officers.
Where the trial court has heard evidence ore tenus, the court's findings are presumed correct and will not be disturbed on appeal unless plainly erroneous. State ex rel. Williams v.One Glastron Boat, 411 So.2d 795 (Ala.Civ.App. 1982).
Here, the trial court was reasonably satisfied from the evidence that the $3,190 seized was used or intended for use in violation of Alabama's drug laws. This finding could be supported by the close proximity of the money and the drugs, the separate bags of marijuana, the amount of the money found, and the veracity of the defendant.
In view of the above, we cannot say that condemnation and forfeiture of the seized money were in error. Put another way, the evidence supports the trial court's finding that the $3,190 was used or intended for use in a transaction in violation of the Alabama Controlled Substances Act.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.