HOUSTON, Justice
(dissenting).
I dissent. This is an appeal from a judgment condemning and forfeiting $18,520 in U.S. currency. The trial court heard ore tenus testimony from Donald Ray Bohan-non’s arresting officers and found that the sum of $18,520 had been used, or was intended for use, in a transaction in violation of the Alabama Controlled Substances Act and was therefore subject to forfeiture under § 20-2-93, Code 1975.
Under the ore tenus standard of review, we will assume that the findings of the trial court are correct and we will not disturb them on appeal if they are supported by the evidence or any reasonable inference therefrom, unless those findings are plainly and palpably erroneous or manifestly unjust. Popwell v. Greene, 465 So.2d 384 (Ala.1985). In my opinion, the trial court’s judgment is supported by the evidence and is not plainly and palpably erroneous or manifestly unjust.
The evidence presented showed that after receiving information that Bohannon was selling drugs from his residence, officers of the Mobile Police Department made a “controlled buy” of marijuana from Bo-hannon. To effectuate this “controlled buy,” the officers searched an informant and his vehicle, then watched as he entered and later exited Bohannon’s residence. The officers took possession of the drugs from the informant a short distance from Bohannon’s residence. The officers then obtained a warrant to search Bohannon’s residence. The officers testified that when they arrived at his residence they identified themselves and stated their purpose and then secured Bohannon and his wife in the living room at Bohannon’s trailer in order to execute the search warrant. During their search of Bohannon’s bedroom, an officer discovered a plastic bag of marijuana on a closet shelf and a similar plastic bag containing $18,239 in U.S. currency in the bottom area of a dresser. The officers then arrested the Bohannons and read them their Miranda rights. While searching Bohannon for weapons, the officer discovered a second bag of marijuana and $281 in cash. The officers then resumed their search of Bohannon’s residence and its surrounding area. Officer Stokes testified that at the completion of the search he prepared an inventory. Regarding that inventory, Stokes testified as follows:
“One clear plastic baggie [sic] containing green material from the master bedroom was one item that Corporal Osborn brought me; one brown suitcase containing several plastic bags containing green plant material and seeds from the shed that Corporal Osborne brought me; one large clear plastic bag of green plant residue, also from the master bedroom where the money was found; the bag of money also from there; large plastic bag of green plant material and seeds, master bedroom; large garbage bag, white, containing approximately seven clear plastic bags of green plant material that was found in the side yard adjacent to the trailer. They, were in the pound bags, clear plastic bags. Then they had a white garbage bag around those to contain them. A set of scales with residue on them also found in the master bedroom by Corporal Osborne and a partially smoked cigaret also found by Corporal Osborne in the living room. I located in the kitchen area, a drawer, assorted bills and mail also, with the name of both of the Defendant or Slug Bohan-non, Donald Ray Bohannon and his wife’s name on the mail.”
An officer further testified that a total of IOV2 pounds of marijuana was seized and *196 that Bohannon was subsequently charged with trafficking in marijuana. The U.S. currency seized totaled $18,520. In a signed statement to the arresting officer, Bohannon admitted owning the marijuana found in his trailer and that which was found in a shed behind his trailer.
The pertinent portions of § 20-2-93, provide:
“(a) The following are subject to forfeiture:
[[Image here]]
“(4) Lawful currency (money) of the United States of America seized:
[[Image here]]
“b. On the person of any human being found in the act of selling or receiving, or attempting to sell or receive, property described in subdivisions (1) or (2) of this subsection;
“c. Inside the room, closet, hallway, passageway or other intermediate area of any building of any type whatsoever, wherein any human being is found in the act of selling or receiving, or attempting to sell or receive, property described in subdivisions (1) or (2) of this subsection;
“d. Inside any piece of baggage, bag, package or container within the intermediate proximity of any human being found in the act of selling or receiving, or attempting to sell or receive, any property described in subdivisions (1) or (2) of this subsection; provided, however, that:
“1. No lawful currency (money) of the United States of America shall be condemned and forfeited, wherever seized, except by an affirmative finding by the trier of fact, either the court or jury as the case might be, to the following interrogatory — ‘The (court) (jury) is reasonably satisfied from the evidence and inferences attendant thereto that the money in issue was used, or intended for use, in a transaction which would be a violation of the Alabama Controlled Substances Act.[’]”
Bohannon contends that he was not “found in the act of selling or receiving, or attempting to sell or receive” marijuana, and that the trial court’s judgment condemning and forfeiting the sum of $18,520 is due to be reversed. I disagree.
In addition to the evidence of the “controlled buy,” there was evidence that Bo-hannon was indicted and convicted of trafficking in marijuana as a result of the search; that in that search almost five times the amount necessary to support a conviction for trafficking in marijuana was seized; and that a set of scales with residue on them was found in Bohannon’s bedroom where the bag of marijuana and money were found. “The forfeiture provisions in § 20-2-93 are clearly intended to be a deterrent to illegal drug dealing, and to aid the objectives of criminal law enforcement.” Nicaud v. State ex rel. Hendrix, 401 So.2d 43, 45 (Ala.1981). Even strictly construing the statute, as we are required to do, Reeder v. State ex rel. Myers, 294 Ala. 260, 314 So.2d 853 (1975), I would find this evidence sufficient for the trial court and this Court to conclude that Bohannon was “found in the act of selling, or attempting to sell or receive” marijuana. Furthermore, under § 20-2-93 the State has the burden to prove to the trial court that the money was used or was intended for use in a transaction in violation of the Alabama Controlled Substances Act. Carter v. State, Jefferson County, 465 So.2d 1156 (Ala.Civ.App.1984). The trial court found that the State met this burden. It was reasonably satisfied from the evidence that the $18,520 seized “was used, or intended for use” in a transaction that would be a violation of the Alabama Controlled Substances Act. This finding is supported by the evidence of the controlled purchase of drugs from Bohannon, the quantity of drugs seized, the way in which the money was packaged, the amount of money, the scales seized, and Bohannon’s signed statement admitting ownership of the marijuana.
In view of the above, I am of the opinion that the evidence supports the trial court’s judgment condemning and forfeiting $18,-520 in U.S. currency and that that judg *197 ment is not plainly and palpably erroneous or manifestly unjust.
I would affirm.
MADDOX and STEAGALL, JJ., concur.