EDWARD N. SCRUGGS, Retired Circuit Judge.
A final judgment was entered by the trial court after an ore tenus trial. The condemnation and forfeiture of $750 of United States currency was ordered. The required specific finding was made by the trial court that the money was used, or was intended for use, in a transaction which would be a violation of the Alabama Controlled Substances Act (Act), § 20-2-93(a)(4)d.l., Ala.Code 1975. The defendant timely appealed after his motion for a new trial was overruled and, through able counsel, raises as the sole appellate issue whether the State met its burden of proving that the $750 was used, or was intended for use, in a transaction which would constitute a violation of the Act.
The only evidence presented at the trial was that of a police corporal who had been assigned for three years to the narcotics division of the police department of the city of Mobile.
He testified that, on the morning of March 16, 1987, he met with Johnny Johnson, an informer, at the corporal’s office, where he gave to Johnson $550 in currency. The officer had previously made copies of *917 each of the bills so that he would have a record of their serial numbers. Johnson did not have on his person any money except the $550, and he possessed no controlled substance.
Later in the morning, the officer parked his vehicle at a location in Mobile County, where he kept Johnson under observation. Johnson was situated in the parking lot of a food store. The corporal saw the defendant park next to Johnson. The defendant was driving a Toyota vehicle and was its only occupant. Johnson entered the Toyota on the passenger side. A second black male walked to the Toyota and handed a brown paper bag through the window to the defendant, who was still sitting in the driver’s seat. Within two minutes thereafter, Johnson exited the Toyota and removed his hat, which was a prearranged signal to the officer that a controlled substance was in the Toyota. The officers blocked the path of the Toyota with their car so that the Toyota could not move, whereupon the defendant started getting out of the vehicle. A brown paper bag fell to the ground on the driver’s side, and upon examination of it by the officers, they found that it contained a large freezer-type zip-lock plastic bag which held about one-half pound of marijuana, which had a then sales value of about $500.
When the defendant was strip-searched at the corporal’s office, the defendant had $1,300 hidden in the crotch area of his underwear. The officer testified that the $550 which he had provided to Johnson was intermingled with an additional $750 and that they seized all of it. From his investigation and from the facts which he knew, the witness stated that he could not connect the $750 with the sale or receipt of the marijuana.
Johnson did not testify.
The defendant offered no evidence.
Along with other elements, the State had the burden of reasonably satisfying the trial court that the $750 was used, or was intended for use, in a transaction in violation of the Act. After a nonjury evi-dentiary trial is held before a trial court, the findings of that court are presumed on appeal to be correct and will not be disturbed unless they are so unsupported by the evidence as to be plainly erroneous. Carter v. State, 465 So.2d 1156 (Ala.Civ. App.1984). One of the consequences of that ore tenus rule is that we must affirm if any of the evidence supported the finding of the trial court.
The method of delivery of the marijuana to the defendant by a third person was clever and cautious. One-half pound of marijuana was involved, and it was worth around $500. It can be reasonably inferred from the evidence that, immediately before the defendant was arrested, he had just sold the marijuana for the $550 and that he already possessed the $750 at that time. The state argued to the trial court that the $750 could have been kept on hand by the defendant for the purpose of making change in drug sales. The $750 and the $550 were intermingled, and the $1,300 was hidden at an unusual and abnormal location upon the defendant’s person.
The trial court was reasonably satisfied from the evidence and reasonable inferences therefrom that the $750 was used, or was intended to be used, in violation of the Act. The trial court’s finding is supported by the above facts, which are at least as strong as were the supportive facts in Carter, supra, where we affirmed the trial court’s condemnation of money. The supreme court denied certiorari in Carter, 465 So.2d at 1156.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.