ROBERTSON, Judge.
This is a forfeiture ease pursuant to § 20-2-93, Ala.Code 1975 (1984 Repl.Vol.).
Metcalfe’s 1969 Chevrolet pick-up truck was forfeited to the state following his conviction on a drug related charge. Metcalfe appeals the forfeiture, contending first that the jurisdiction of the trial court was never properly invoked because the filing fee, as required by § 12-9-70, Code 1975 (1986 Repl.Vol.), was not paid by the state.
It has previously been determined that the state is liable for filing fees and court costs in condemnation cases only after a judgment has been rendered in favor of the state, and only where the statute under which the forfeiture is made specifies that the state is to pay such costs. State v. Inman, 239 Ala. 348, 195 So. 448 (1940). The specific statute here, § 20-2-93, provides for the payment of costs involved in seizure and forfeiture, including court costs, from the proceeds of the sale of the property.
Metcalfe next argues that the trial court’s decision was palpably wrong, without supporting evidence, and manifestly unjust. However, he has cited no authority to support his contentions and has failed to comply with Rule 28, Alabama Rules of Appellate Procedure; thereby, leaving this court with no alternative but to affirm. Perry v. Garner, 550 So.2d 435 (Ala.Civ.App.1989).
Further, when a trial is conducted ore tenus, without a jury, the trial court’s findings will be presumed correct absent a showing that those findings are clearly contrary to the great weight of the evidence. State v. Walker, 503 So.2d 866 (Ala.Civ.App.1987).
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.