Based on the trial court's finding that Robbs is the owner of the vehicle, I concur specially with the opinion reached by the majority. The majority states that "[t]he State failed to present any evidence that . . . the Toyota was used, or was intended to be used, in violation of the Controlled Substances Act." (Emphasis added.) I concur with that decision.
My review of the record, however, indicates that there was ample evidence from which the trial court could have determined that Hobbs was, in fact, the owner of the vehicle, and that the title was merely a subterfuge. See Felder v. State,515 So.2d 17 (Ala.Civ.App. 1987). For example, all personal items in the vehicle belonged to Hobbs, Hobbs was seen driving the car frequently, Hobbs gave Robbs the money to purchase the car, and Hobbs purchased the tag for the vehicle. Also, the arresting police officer testified that Hobbs "stated that the car was his, that he had to buy the car in [Robbs]'s name but the car actually belonged to him."
Therefore, based on the trial court's finding after an ore tenus proceeding, I am *Page 1304 
constrained to concur with the rationale of the majority. If, however, the trial court had found that the title was merely a subterfuge, I would have affirmed based on the default judgment entered against Hobbs.