YATES, Judge.
This is an appeal from a forfeiture action brought by the State against Willa Rad-ford pursuant to § 20-2-93(a)(5), Ala.Code 1975. Following an ore tenus proceeding, the court, on September 14, 1998, entered an order finding that the “vehicle in issue was used, or intended for use, in a transaction which would be a violation of the Alabama Controlled Substances Act, and that the vehicle should be declared contraband, condemned and forfeited to the State of Alabama.” Radford appeals.
The evidence indicates that on January 6, 1998, Officer Samuel Jackson III and his partner, Officer Chris Blevins, were working undercover patrol for the Birmingham Police Department South Task Force when they received a radio dispatch concerning an anonymous tip. The dispatcher stated that a white Nissan Maxima automobile would be coming to the 300 block of Beech Street, occupied by two black females and a black male carrying controlled substances. In response to the dispatch, Jackson and Blevins proceeded to the 300 block of Beech Street. The officers observed a white Nissan Maxima occupied by two black females and a black male approach the 300 block of Beech Street and stop. Once the vehicle came to a stop, the officers approached it. As the officers were approaching the vehicle, the female passenger jumped out. Officer Jackson directed the passenger to walk back toward him; while Jackson was doing that, Radford, the driver, opened the door. Jackson ordered her to close it. Jackson saw Radford open the door a second time and place a package under the vehicle; Jackson retrieved the package.
Jackson described the package as being a “balled-up” cigarette package containing 23 “baggies,” which contained a white crystalline substance he believed to be *10 crack cocaine. Upon searching Radford, he found in her purse two additional “baggies” containing a similar substance, along with a five-inch knife. She was arrested and charged with possession of a controlled substance, possession of drug paraphernalia, and carrying a concealed weapon. Subsequent tests on the substance contained in the “baggies” indicated that it was crack cocaine.
Radford raises several issues on appeal; however, we find one to be dispositive. Radford argues that the court erred in failing to dismiss the State’s petition on the basis that the State had failed to prove an unbroken chain of custody of the drug evidence. In Ex parte Holton, 590 So.2d 918, 920 (Ala.1991), our supreme court set forth the test for establishing a chain of custody:
“The chain of custody is composed of ‘links.’ A ‘link’ is anyone who handled the item. The State must identify each link from the time the item was seized. In order to show a proper chain of custody, the record must show each link and also the following with regard to each link’s possession of the item: ‘(1) [the] receipt of the item; (2)[the] ultimate disposition of the item, i.e., transfer, destruction, or retention; and (3)[the] safeguarding and handling of the item between receipt and disposition.’ Imwinklereid, The Identification of Original, Real Evidence, 61 Mil. L.Rev. 145, 159 (1973).
“If the State, or any other proponent of demonstrative evidence, fails to identify a link or fails to show for the record any one of the three criteria as to each link, the result is a ‘missing’ link, and the item is inadmissible. If, however, the State has shown each link and has shown all three criteria as to each link, but has done so with circumstantial evidence, as opposed to the direct testimony of the ‘link,’ as to one or more criteria or as to one or more links, the result is a ‘weak’ link. When the link is ‘weak,’ a question of credibility and weight is presented, not one of admissibility.”
See also Warren v. State, 659 So.2d 1026, 1027 (Ala.Crim.App.1995).
“[T]he State must establish a chain of custody without breaks in order to lay a sufficient predicate for admission of evidence. Proof of this unbroken chain of custody is required in order to establish sufficient identification of the item and continuity of possession, so as to assure the authenticity of the item. In order to establish a proper chain, the State must show to a ‘reasonable probability that the object is in the same condition as, and not substantially different from, its condition at the commencement of the chain.’ ”
Ex parte Holton, 590 So.2d at 919-20 (citations omitted).
Jackson testified that after he had recovered the “baggies” he turned them over to a person he identified as the “property owner” at the Birmingham Police Department. Jackson stated that an “Officer Bussey” had custody of the substances.[1] Danny Kirkpatrick, an employee with the Alabama Department of Forensic Sciences, testified that he received the substances in case no. 98-013237 from Officer Bussey. *11 Kirkpatrick stated that he received a “plastic bag” containing 23 small zip-lock packets containing a white, hard substance, which Kirkpatrick designated as item “1A,” and two small packets containing a similar substance, which Kirkpatrick designated as item “IB.” Kirkpatrick testified that he placed these items in the evidence locker until he tested the substance.
We conclude that the State failed to establish a sufficient chain of custody because it failed to prove the safeguarding and handling of the “baggies” containing the white crystalline substance while they were in the possession of Jackson and Bussey. The evidence indicates that Jackson took possession of the “baggies” containing the white crystalline substance on January 6, 1998, and at some time later gave them to Bussey. The State presented no evidence as to how Jackson safeguarded or handled the “baggies” while they were in his possession. No evidence was presented to indicate when Jackson transferred the “baggies” to Bussey after taking possession of them, or to indicate how he secured or stored the “baggies” during the time between when he took possession and when he transferred them to Bussey. For example, no evidence indicated that he had sealed the “baggies” in an envelope or other container. Likewise, no evidence was presented indicating that he had marked the “baggies” for identification purposes by using his name, initials, case number, or some other form of identification. A sealed envelope or other container is adequate circumstantial evidence to establish the safeguarding and handling of the item and to assure its authenticity. Ex parte Holton, supra; Warren, supra; and Kennedy v. State, 690 So.2d 1225 (Ala.Crim.App.1997). Simply put, the State offered no evidence to satisfy the third element of the chain-of-custody test set forth in Ex parte Holton; see also Warren, supra (judgment of trial court reversed because that court admitted evidence although the State had failed to prove the safeguarding or handling of the evidence by officer while it was in the officer’s possession).
Jackson testified that he transferred possession of the “baggies” to Bussey. Although Bussey did not testify at trial, he was not required to do so, because Jackson identified him as a link in the chain of custody.[2] However, the State is required to prove each element of the chain-of-custody test set forth in Ex parte Holton with regard to each link’s possession of the evidence. Again, the State offered no evidence as to how Bussey safeguarded or handled the “baggies” while they were in his possession. No evidence was presented as to how Bussey stored or secured the “baggies” while they were in his possession. The evidence indicated only that Bussey, at some point in time after receiving the “baggies” from Jackson, transferred them to Kirkpatrick.[3] Kirkpatrick testified that he received a “plastic bag” from Bussey for case no. 98-013237, which he said contained two items that he designated “1A” and “IB.” No evidence in the record indicates who placed the “baggies” in the “plastic bag” and assigned the case number. With no evidence as to how, or if, the baggies were sealed and identified by Jackson and Bussey, there is no way to determine by whom or at what time the *12 “baggies” were placed in the “plastic bag” and assigned the case number. Thus, it is impossible to determine, to a reasonable probability, the authenticity of the substance received and tested by Kirkpatrick. Ex parte Holton, supra.
Because the State failed to prove Jackson and Bussey’s safeguarding and handling of the evidence, it failed to establish the chain of custody. Therefore, the evidence regarding the substance that was recovered by Jackson and later determined to be crack cocaine was inadmissible. We have no choice but to reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., concurs.
CRAWLEY and THOMPSON, JJ„ concur specially.
MONROE, J., dissents.

. We assume that Bussey was the officer in charge of the evidence room and the person Jackson identified as the “property owner.”

. Although each link in the chain of custody must be identified, it is not necessary that each link testify, to prove a complete chain of custody. Ex parte Slaton, 680 So.2d 909 (Ala.1996).

. Kirkpatrick did not testify as to the date on which he received the evidence from Bussey; however, he did state that he tested the evidence on March 10, 1998.