This is a civil-forfeiture case involving a 1995 Nissan Maxima automobile. Following an ore tenus hearing, the trial court concluded that it was reasonably satisfied that the automobile "was used, or intended for use, in a transaction which would be a violation of the Alabama Controlled Substances Act," declared the automobile to be contraband, and ordered the automobile condemned and forfeited to the State. See Ala. Code 1975, § 20-2-93(a)(5); Pickron v. State ex rel. Johnston,443 So.2d 905, 907 (Ala. 1983). Willa Radford, the owner of the car, appealed. The Court of Civil Appeals reversed the trial court's judgment, holding that the State had failed to prove a chain of custody concerning the drug evidence found near Radford's car and in her purse, and, thus, that that evidence was inadmissible. SeeRadford v. State, 783 So.2d 8 (Ala.Civ.App. 1999). We granted the State's petition for certiorari review. Because we conclude that the Court of Civil Appeals erred in reversing the trial court's judgment on the ground that the State had failed to prove a proper chain of custody, we reverse the judgment of the Court of Civil Appeals and remand the case for an order or further proceedings consistent with this opinion.
 I.
On January 6, 1998, Officer Samuel Jackson III and his partner, Officer Chris Blevins, both members of the Birmingham Police Department's South Task Force, were working undercover patrol. The officers received a radio dispatch informing them that a white Nissan Maxima automobile, occupied by two black females and a black male, was approaching the 300 block of Beech Street and that it contained controlled substances. Jackson and Blevins went to the 300 block of Beech Street, where they saw a white Nissan Maxima occupied by two black females and a black male approach the block and stop in front of a house. The officers parked behind the car and approached it. As they approached, a female passenger jumped out and ran away; the officers did not pursue her. Willa Radford, the driver, opened the door and threw a package under the car. Officer Jackson retrieved the package, which he described as a cigarette package containing 23 plastic zipper "baggies," each less than 1-inch square, and each containing a crystalline substance he believed to be crack cocaine. Officer Jackson arrested Radford and searched the car. He found in Radford's purse two additional *Page 15 
"baggies" containing a similar crystalline substance.
The State began civil-forfeiture proceedings against the Nissan Maxima automobile, by filing a petition seeking to condemn the vehicle pursuant to Ala. Code 1975, § 20-2-93. Radford filed an answer and a notice of her claim to the vehicle, admitting that she owned the vehicle but denying the other allegations in the State's petition. The case was tried to the court.
At the trial, Officer Jackson testified that he turned over the bags containing the crystalline substance to an Officer Bussey at the Birmingham Police Department. Danny Kirkpatrick of the Alabama Department of Forensic Sciences testified that he received from Officer Bussey two packages containing the bags. Kirkpatrick further testified, without objection, that he tested the crystalline substances contained in seven of the bags (5 of the 23 and the 2 found in Radford's purse) and found them to be cocaine.
After the State rested its case, Radford moved to have the case dismissed, arguing, among other things, that the State had failed to prove a proper chain of custody regarding the bags. The trial court implicitly denied that motion by declaring the automobile contraband and ordering it condemned and forfeited to the State.
 III.
The Court of Civil Appeals reversed the trial court's judgment, holding that the State had failed to establish a proper chain of custody because it had failed to show how Officer Jackson or Officer Bussey handled or safeguarded the bags that Kirkpatrick found to contain cocaine. "Therefore," the Court of Civil Appeals held, "the evidence regarding the substance that was recovered by Jackson and later determined to be crack cocaine was inadmissible." 783 So.2d at 12. However, after examining the record, including the trial transcript, we find that the State did not proffer the bags at trial. Moreover, Radford never objected during Officer Jackson's testimony or Kirkpatrick's testimony concerning the bags on the ground of a failure to prove a proper chain of custody. "It is a generally accepted principle, as set forth in the Alabama Rules of Evidence, that a party against whom inadmissible evidence is offered must make a formal, specific objection." 1 Charles W. Gamble, McElroy's Alabama Evidence § 426.01(1) (5th ed. 1996) (citing Rule 103(a), Ala. R. Evid.). The objection must also be timely. See Rule 103(a), Ala. R. Evid.;General Motors Corp. v. Johnston, 592 So.2d 1054, 1057-58 (Ala. 1992) (holding that, where the defendant did not object before the plaintiff's expert testified, the defendant's motion to strike that witness's testimony, made after the close of the plaintiff's case, was insufficient to preserve for appellate review an alleged error regarding the admission of that testimony). "Such an objection is a condition precedent to the party's effectual complaint on appeal against the reception of such evidence." Gamble, McElroy's Alabama Evidence § 426.01(1). Because Radford did not preserve for appellate review the issue whether the trial court erred in admitting any evidence regarding which the State was required to prove a chain of custody, the Court of Civil Appeals erred in reversing the trial court's judgment on the chain-of-custody ground. See $1,568.00 U.S. Currency v. State,612 So.2d 497, 500 (Ala.Civ.App. 1992) (holding, in a civil-forfeiture case in which the property owner argued that there was a break in the chain of custody of evidence, that the property owner had failed to preserve his argument for appeal and that, therefore, the court could not reverse the trial court's judgment on that basis). Accordingly, *Page 16 
we reverse the judgment of the Court of Civil Appeals and remand the case for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
Hooper, C.J., and Maddox, Houston, Lyons, Brown, Johnstone, and England, JJ., concur.